UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

JAMES P. LASKY,

                Plaintiff,
    v.                                    Civil Action No._____

EXCEL ACQUISITIONS, LLC and        **JURY TRIAL DEMANDED**
LACY KATZEN LLP.

                Defendants.
_____

# COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual damages, statutory damages, attorneys fees and costs brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

### II. JURISDICTION AND VENUE

2. Subject Matter Jurisdiction of this Court for Plaintiff's FDCPA claims arise under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this Honorable Court is proper under 28 U.S.C. §1391(b) in that Defendant is deemed a resident of the State of New York pursuant to 28 U.S.C. §1391(c), and/or a substantial part of the events or omissions giving rise to the claims alleged in this complaint occurred within this district.

### III. PARTIES

4. Plaintiff James P. Lasky is a natural person residing in the County of Erie and State of New York.

5. Defendant Excel Acquisitions, LLC (hereinafter "Excel") is a limited liability company organized and existing under the laws of the State of Massachusetts, and is a "debt collector" as that term is defined by 15 U.S.C § 1692a(6).

6. Defendant Lacy Katzen, LLP ("Lacy Katzen") is a law firm organized as a limited liability partnership under the laws of the State of New York, and is a "debt collector" as that term is defined by 15 U.S.C § 1692a(6).

7. Defendants, and each of them, regularly attempts to collect debts alleged to be due another.

8. The acts of Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Excel" and/or "Lacy Katzen" herein shall mean said Defendant or an employee of said Defendant.

10. That at all times relevant herein, Lacy Katzen acted as agent for Excel.

11. That all acts and omissions of Lacy Katzen alleged in this complaint were performed within the scope of their actual and apparent authority provided to them by Excel.

## IV. FACTUAL ALLEGATIONS

12. That Plaintiff incurred a credit card obligation to Providian National Bank in the 1990's. Said obligation will hereinafter be referred to as "the subject debt.

13. That the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

14. That Plaintiff defaulted on the subject debt in approximately 2000.

15. That the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. That the debt was charged off by Providian National Bank in March of 2001.

17. Plaintiff never used the aforementioned credit card, nor did he otherwise reaffirm his obligation to pay the subject debt after 2000.

18. That Excel alleges that it was assigned the subject debt by Providian National Bank at some point after Plaintiff's default.

19. That upon information and belief, Excel hired Lacy Katzen to attempt to collect the subject debt.

20. That on or about February 3, 2010, Defendant Lacy Katzen sent Plaintiff an initial letter stating that they had been retained to collect the subject debt on behalf of Defendant Excel and that Plaintiff had thirty (30) days from receipt of this notice to request in writing that he disputed the subject debt as well as to request the name and address of the original creditor if different than the current account holder.

21. That Plaintiff disputed the subject debt, in writing, within thirty (30) days of receipt of the aforementioned February 3, 2010 letter.

22. That on February 27, 2010, Plaintiff sent Defendant Lacy Katzen a letter disputing the subject debt.

23. That said letter also stated that Plaintiff did not recognize owing any debt to Excel and therefore implicitly requested that Defendant Lacy Katzen provide Plaintiff with the name and address of the original creditor.

24. That pursuant to the above letter, Defendant Lacy Katzen was required to provide verification of the subject debt before continuing with its collection efforts as well as the name and address of the original creditor.

25. That Defendant Lacy Katzen by its letter to the Plaintiff dated March 1, 2010 acknowledged receipt of Plaintiff's February 27, 2010 letter.

26. That Defendant neither in its March 1, 2010 letter or any subsequent letter provided verification of the subject debt.

27. That despite falling to provide verification of the subject debt, Defendant Lacy Katzen still proceeded with collection efforts against the Plaintiff.

28. That Defendant Lacy Katzen failed to provide the name and address of the original creditor in its March 1, 2010 letter.

29. That on April 22, 2010, Defendant Lacy Katzen sent a letter to Plaintiff that stated, "our client will be entering judgment to secure their rights."

30. That said letter containing the above statement came six days after Defendant Lacy Katzen filed a lawsuit in the City Court of Buffalo and before the time expired in which Plaintiff was afforded an opportunity to answer and respond to the Defendant's complaint.

31. That Plaintiff understood Defendant's aforementioned statements, as the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant had obtained or will obtain a judgment against him or his property unless he submitted to Defendant's demands.  That despite Defendant's statements, Defendant could not proceed with the aforementioned action and/or was unable to enter a judgment against Plaintiff.

32. That after Plaintiff filed his answer and then obtained an attorney, Defendants agreed to dismiss the aforementioned Buffalo City Court lawsuit.

33. That by reason of the actions of Defendants, and each of them, described in this complaint, Plaintiff suffered actual damages, and became humiliated, nervous, anxious, upset, and suffered from emotional distress.

V. CAUSE OF ACTION

34. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 33 above.

35. That Lacy Katzen violated 15 U.S.C. § 1692g(b) by failing to provide validation of the subject debt to the Plaintiff and then continuing to attempt to collect the subject debt from the Plaintiff.

36. That Lacy Katzen violated 15 U.S.C. § 1692g(a)(5) by failing to provide the name and address of the original creditor.

37. That Lacy Katzen violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10) by stating in its April 22, 2010 letter that "our client will be entering judgment to secure their rights."

38. That Excel is liable to Plaintiff for all violations of the FDCPA committed by Lacy Katzen pursuant to the laws of agency.

39. That as a result of the Defendants FDCPA violations alleged herein, Plaintiff suffered actual damages, including but not limited to emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against each of the Defendants, and each of them, for:

(a) actual damages;

(b) statutory damages pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED.**

Dated: April 20, 2011

/s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Law Office of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         sandrews@kennethhiller.com